**UNITED STATES BANKRUPTCY COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

IN RE:                                          )
                                                )
**TIMOTHY A DEKOWSKI and**          )        Case No
**REBECCA A FLETCHER**                )        Chapter 13
                                                )
                                                )

## CHAPTER 13 PLAN

1.  The future earning of the Debtor is submitted to the supervision and control of the Court and the debtor, (or the Debtors' employer) shall pay to the Trustee the sum of $ 377.31 monthly for a period of sixty (60) months, or until completion of the Chapter 13 Plan.  The total payments to the Trustee shall be $22,638.60.

2.  From the payment so received, the Trustee shall make disbursements as follows:

## PRIORITY CLAIMS

The following claims are entitled to priority under 11 U.S.C. 507 in the following amounts:

Attorney Fees:                          None
Internal Revenue Service:         $801.20

Trustee's fees and expenses as determined by the Attorney General pursuant to 28 U.S.C. 586(e).

## SECURED CLAIMS

Debtors propose the Chapter 13 Trustee to pay the secured claim of Nissan Motor Corp, 801 Stevenson Dr, Springfield, IL  62703 in reference to a 2005 Nissan Altima, the secured claim of $15,000, in total at eight percent (8%) interest.  This will pay the debt in full.

Debtors propose the Chapter 13 Trustee to pay the secured claim of Bank of America, c/o CT Corporation, 208 S LaSalle St, Suite 814, Chicago, IL  60604 in reference to arrearage on the First Mortgage on the property located at 60 Meander Pike, Chatham, IL  626291, the secured claim of $1367.74.

Debtor proposes the following as to the Second Mortgage claim of Resurgent Capital Services, 15 S Main St, Suite 600, Greenville, SC  29601 Account Number 7431:  Debtor indicates the Second Mortgage claim of Resurgent Capital Services is

fully unsecured, as the value of the residence which is collateral for said claim, does not exceed the value of the first mortgage and associated cost.  As such, said Second Mortgage claim is fully unsecured, and the claim of Resurgent Capital Services is void with respect of 11USC 506(d), and such security interest is hereby stripped off upon discharge of Debtor's Chapter 13 Case.  Resurgent Capital Services lien is stripped off with regard to the Second Mortgage and Resurgent Capital Services shall receive no payments through Debtor's Plan with regard to the Second Mortgage, except any payment which may be allowed as an unsecured claim, and any security interest shall be stripped off and considered void upon successful completion of the Chapter 13 Plan and Discharge.


The following shall be paid <u>outside</u> of their Chapter 13 Plan:

Bank of America, c/o CT Corporation, 208 S LaSalle St, Suite 814, Chicago, IL 60604 on the First Mortgage on the property located at 60 Meander Pike, Chatham, IL 62629, the sum of $939.00 per month, at current interest.


## UNSECURED CLAIMS

From the payments received by the Trustee, after payment of priority claims and secured claims, the Trustee may have funds available which will be paid pro-rata.

3.    The Trustee shall make no payment in a denomination less than $15.00 and is authorized to accumulate funds for creditors in order to not make any payments less than $15.00.

4.    Property of the estate will vest in the Debtors at the time of confirmation of the Chapter 13 Plan, unless otherwise stated in the Order Confirming the  Chapter 13 Plan.

5.    This Plan is subject to modification to take into account any debtor benefits enacted by the Federal Government regarding treatment of mortgages and mortgage indebtedness as approved by the Federal Government.

6.    The Debtor is required to provide to the Trustee copies of both the federal and State income tax returns, including all schedules filed, within fifteen (15) days of filing and in no case later than April 30th of each year of the plan.

7.    A wage deduction order shall be sent to the following employer:  Johnson Controls, 5757 N Green Bay Ave, Milwaukee, WI  53209.  The Debtor is paid weekly.

Dated:

9/29/11

Respectfully submitted,

.

Debtor

By: __/s/ John S. Narmont
        JOHN S. NARMONT
Attorney for Debtors

JOHN S. NARMONT
Attorney at Law, #02016540
209 Bruns Lane
Springfield, IL  62702
217/787-4130
File No  10-251